UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIANNA BELFORD,

    Estate Plaintiff,

    v.

ANONYMOUS DOCTOR, et al.,

    Defendants.

Case No. 3:24-CV-456-CCB-SJF

## OPINION AND ORDER

On December 12, 2025, Plaintiff made a belated motion to lift the stay on this case

and substitute new parties in an amended complaint. (ECF 13). Defendants objected to

that motion and moved to dismiss the case. (ECF 14). The Court now rules on both

motions.

### ANALYSIS

On June 3, 2024, Plaintiff filed a complaint alleging Eighth Amendment

deliberate indifference and medical malpractice. (ECF 1). However, this Court stayed

the case on August 1, 2024 in compliance with Indiana Code § 34-18-7-3, which dictates

that a medical malpractice action generally cannot be commenced until after the

complaint is subjected to medical panel review. In its stay order, the Court directed

Plaintiff to file the amended complaint within 14 days of the panel's decision. (ECF 11 at

3). The panel issued its opinion on October 2, 2025. Plaintiff did not request leave to file

an amended complaint until December 22, 2025, 67 days after this Court's deadline.

(ECF 13). Defendants have now moved against Plaintiff's motion to lift the stay and

have also moved to dismiss the case, arguing that Plaintiff's failure to comply with this

Court's deadline constitutes inexcusable neglect. (ECF 14). Plaintiff acknowledges its failure but argues that it was acting in good faith and mistakenly followed only the 90-day deadline in Indiana Code § 34-18-7-3, rather than the 14-day deadline in this Court's order.

It is within this Court's discretion to determine whether dismissal is an appropriate sanction for failure to follow court set deadlines. *Martinez v. Caesars Riverboat Casino, LLC*, No. 4:08-CV-78-SEB-WGH, 2009 WL 426045, at *5 (S.D. Ind. Feb. 19, 2009) ("[I]n cases where a plaintiff does not comply with court rules, orders, and deadlines, the plaintiff's claims may be subject to dismissal with prejudice."). When deciding whether dismissal is an appropriate consequence, courts consider a variety of factors, including "the frequency and magnitude of the plaintiff's failure to comply with deadlines and prejudice to the defendants." *Taylor v. Shepard*, No. 20-3113, 2022 WL 832509, at *2 (7th Cir. Mar. 21, 2022). "Courts have considerable discretion" when determining "whether a party's neglect in failing to comply with a deadline was excusable." *Garcia v. Creditors Collection Serv., Inc.*, No. 12-C-203, 2012 WL 2838578, at *1 (E.D. Wis. July 10, 2012).

Here, Plaintiff has not previously failed to follow court orders, and credibly asserts good faith in mistakenly following the more extended deadline in Indiana Code § 34-18-7-3 rather than the narrower deadline specified in this Court's order. Defendants have not identified any specific ways that they would be prejudiced by this Court lifting the stay, beyond suggesting that Plaintiff's evidentiary maneuvers "may impact potential dispositive motion practice." (ECF 16 at 4). But Defendant does not

2

explain how this "impact" is attributable to Plaintiff's delayed motion rather than the effect which any trial preparation has on a case. If it does appear that Defendants' discovery efforts were affected in any way by Plaintiff's delay, this will be certainly considered in future rulings. In any event, the Court finds that here, dismissal would be an extreme sanction. *See Last Atlantis Cap. v. AGS Specialist Partners*, No. 04 C 0397, 2013 WL 12439661, at *5 (N.D. Ill. June 25, 2013) ("There is no clear record of the plaintiffs deliberately disregarding court orders or willfully refusing to do what the Court had ordered it to do. Under these circumstances, the harsh sanction of dismissal is not warranted."). At the same time, the Court reminds Plaintiff of the importance of careful attention to court orders, and of its ongoing duty to police compliance with those orders.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss. (ECF 14). The Court lifts the stay (ECF 11) and **GRANTS** Plaintiff's belated motion for leave to file an amended complaint with proper defendant names (ECF 13). Plaintiff must file the amended complaint within five days of this order. Consistent with the Court's initial stay order, Defendant has 60 days to file a response after the amended complaint is filed. Plaintiff is **CAUTIONED** to exercise care in following future deadlines set by this Court.

SO ORDERED on May 14, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3